NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE DIAZ CAMPOS, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-3677 Agency No. A077-974-251 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2025**
Pasadena, California

Before: PAEZ, IKUTA, and R. NELSON, Circuit Judges.

Jose Diaz Campos ("Diaz Campos"), a native and citizen of Mexico,

petitions for review of a decision by the Board of Immigration Appeals ("BIA")

denying his motion for reconsideration of a previous BIA decision affirming,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

without opinion, an immigration judge ("IJ") order denying his motion to reopen removal proceedings *sua sponte*. We have jurisdiction under 8 U.S.C. § 1252(a). We review the BIA's denial of a motion for reconsideration for abuse of discretion and "reverse only if the Board acted arbitrarily, irrationally, or contrary to law." *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005) (citations omitted). We deny the petition.

The BIA did not abuse its discretion in denying Diaz Campos's motion for reconsideration. The BIA correctly determined that Diaz Campos failed to identify any legal or factual error in the BIA's decision denying his motion to reopen *sua sponte*, as required under 8 C.F.R. § 1003.2(b)(1). Diaz Campos argues that his purported eligibility for separate immigration relief – cancellation of removal – constitutes an exceptional situation for which the IJ should have exercised its discretionary authority to reopen proceedings. However, even assuming that he has established an exceptional situation, he presents no authority demonstrating that granting such relief was required. *See Bonilla v. Lynch*, 840 F.3d 575, 585 (9th Cir. 2016) (noting that while *sua sponte* action may be appropriate, "the Board is not *required* – by regulation or its own decisions – to reopen proceedings *sua sponte* in exceptional situations").

Diaz Campos's argument that his motion to reopen is akin to seeking rescission of a prior removal order is unavailing. A motion to rescind an *in*

*absentia* removal order on due process grounds has no bearing on Diaz Campos's motion to reopen removal proceedings *sua sponte* at issue here. *See Morales-Izquierdo v. Gonzalez*, 486 F.3d 484, 496 (9th Cir. 2007) (en banc).

Because Diaz Campos failed to establish a legal or constitutional error in the BIA's affirmance of the IJ's order denying his motion to reopen *sua sponte*, the BIA did not abuse its discretion in denying his motion for reconsideration. *See Lona v. Barr*, 958 F.3d 1225, 1234-35 (9th Cir. 2020).

**PETITION DENIED.**